```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
CHERYL CHIRICO,

                      Plaintiff,         06-CV-6670T

          v.                             **DECISION**
                                                        **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                      Defendant.
_____

## **INTRODUCTION**

Plaintiff Cheryl Chirico ("Chirico") brings this action pursuant to Title XVI of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied her application for Supplemental Security Income benefits ("SSI").[1] Chirico alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Chirico opposes the defendant's motion.

---

[1] This case (formerly civil case 04-CV-0037-E(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, United States District Court for the Western District of New York by Order dated December 27, 2006.

**BACKGROUND**

Plaintiff applied for SSI on December 1, 1983. The claim was denied at the initial level and plaintiff did not appeal at that time. Subsequently, as a result of the class action settlement in Stieberger v. Sullivan, 801 F. Supp. 1079 (S.D.N.Y. 1992), plaintiff's 1983 application was reopened for review in August 1998. Plaintiff's application was denied upon reopening. Plaintiff then requested a hearing which was held on September 24, 1999. ALJ Margaret J. Quinn found plaintiff not disabled from May 1, 1989 through June 7, 1993 ("the Stieberger period"). The Appeals Council granted plaintiff's request for review of the ALJ's decision and then found that plaintiff could perform the full-range of medium work during the Stieberger period and thus, not disabled. This action commenced January 15, 2004.

**DISCUSSION**

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison

v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monguer v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of her claim which would entitle her to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

   II. <u>The Commissioner's decision to deny Plaintiff
       benefits is supported by substantial evidence
       on the record.</u>

   The ALJ made the determination based on the evidence before her that plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d) (1991).  Specifically, the ALJ found that while plaintiff suffered from severe hypothyroidism, mitral valve prolapse, Epstein-Barr Syndrome, and kyphoscoliosis, those conditions did not rise to the level of an impairment under the Social Security Regulations.  The ALJ found that the plaintiff had no nonexertional limitations and could perform the full-range of sedentary work and was therefore not disabled.

   In so holding, the ALJ properly performed the five-step sequential evaluation of plaintiff's condition to determine that plaintiff was not disabled.  <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. The ALJ properly determined that the plaintiff was not engaged in substantial gainful employment; that plaintiff had an impairment or combination of impairments that were severe conditions; that plaintiff's severe hypothyroidism, mitral valve prolapse, Epstein-Barr Syndrome, and kyphoscoliosis – either alone or in combination

with his other impairments – did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff had no past relevant work; and that plaintiff retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. In doing so, the ALJ evaluated the medical record, but gave inappropriate weight to the opinion of a consulting physician, Dr. Dadlani, who had his medical license revoked for professional misconduct in July 1995.

The Appeals Council reviewed the ALJ's decision and affirmed the denial of Chirico's claim. The Appeals Council noted that even discounting Dr. Dadlani's opinion, the other evidence and objective findings of record supported a findings that Chirico was not disabled and had the RFC to perform a limited range of *medium* work. (emphasis added).

The assessment of a treating physician is given controlling weight if is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [it] is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); see Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003); Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 188 (2d Cir. 1998). The Commissioner may not arbitrarily substitute her own judgment for the treating physician's competent medical opinion. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). The

"treating physician rule" does not apply, however, when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).

When the treating physician's opinion is not given controlling weight, the Commissioner must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). These factors include: (i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the SSA's attention that tend to support or contradict the opinion. (Id.). The Commissioner must also set forth her reasons for the weight assigned to the treating physician's opinion. (Id.).  A statement by a medical source that an individual is disabled or unable to work does not mean that the Commissioner will determine that the individual is disabled. 20 C.F.R. § 416.927(e). The Commissioner is responsible for making the determination about whether an individual meets the statutory definition of disability.  20 C.F.R. § 416.927(e)(1).

Plaintiff's treating physician, Dr. Graber, stated in a September 1999 letter that, retrospectively, plaintiff was unable to perform substantial gainful employment during the <u>Stieberger</u> period due to her restrictions in sitting, standing and/or walking for any length of time without many breaks. (Tr. 348; see Tr. 253-56, 275-85, 299). Unfortunately, Dr. Graber was unable to provide a complete medical record for the <u>Stieberger</u> period because of his practice's policy of removing progress notes that are over seven years old. (Tr. 350).

Dr. Phatan, a State agency review physician, reviewed the medical evidence and concluded that plaintiff's RFC allowed her to lift 50 pounds occasionally and 25 pounds frequently during the <u>Stieberger</u> period and she could stand, walk, and/or sit for a total of about six hours each in an eight-hour workday. Pushing and pulling were unlimited. (Tr. 318).

Other medical evidence factored in by the Commissioner includes a June 1990 chest x-ray revealing emphysema, but no evidence of acute pathology. (Tr. 195). An October 1990 complete blood count was normal. (Tr. 194). An October 1990 x-ray showed a slight kyphotic curvature of the spine. (Tr. 191). A November 1990 right wrist x-ray was normal. (Tr. 361). A February 1991 pelvic sonogram was normal. (Tr. 190). October 1992 endocrinology studies showed abnormal thyroid-stimulating hormone. (Tr. 358-59). (Plaintiff had part of her thyroid removed in November 1973 and

takes synthroid daily as a result (Tr. 65, 201-04, 332)). Head, eyes, ears, neck and throat exams in April, September, and November 1992 were normal. (Tr. 364-66).

Dr. Graber's opinion regarding plaintiff's level of disability is not consistent with substantial evidence on the record. In light of the above, the Appeals Council properly determined that plaintiff retained the ability to perform medium work during the Stieberger period.

Substantial evidence exists in the record which supports the conclusion that plaintiff was not disabled during the relevant period, and therefore, the Commissioner's decision is affirmed.

## Conclusion

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant. Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                   s/Michael A. Telesca
                                     MICHAEL A. TELESCA
                              United States District Judge

Dated:   Rochester, New York
        January 24, 2007